UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOWARD DARBEE,

        Plaintiff,

v.

        Case No. 2:17-cv-10776
        District Judge Paul D. Borman
        Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (DE 4) AND HIS REQUEST FOR SERVICE BY A U.S. MARSHAL (DE 5)**

**I.**    **RECOMMENDATION**: The Court should deny Plaintiff's application to proceed in district court without prepaying fees or costs and his request for service by the U.S. Marshal. (DE 4-5.)

**II.**    **REPORT**

    **A.**    **Background**

Plaintiff, John Howard Darbee, filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for a review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits. (DE 1.) The case was referred to me for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) on March 13, 2017. (DE 2.) This matter is before me for

consideration of Plaintiff's application to proceed without prepayment of fees and corresponding request for service by the U.S. Marshal. (DE 4-5.) For the reasons that follow, I recommend that Plaintiff's application be **DENIED**.[1]

### B. Standard

28 U.S.C. §1915 provides that a district court may "authorize the commencement of a civil action" *in forma pauperis* ("IFP") provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). An individual need not be "absolutely destitute to enjoy the benefits" of proceeding IFP. *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948). An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. *Id*. Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

### C. Analysis

"In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets

---

[1] This Report and Recommendation is issued pursuant to *Woods v. Dahlberg*, 894 F.2d 197 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

the person may possess.'" *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)). Having examined Plaintiff's application, I conclude that his claim of financial hardship is not supported.

Plaintiff states that he receives a monthly income of $3706.00 from "VA Disability" and has $20,000 in his checking or savings account. (DE 4 at ¶¶ 2 and 4.) Moreover, I note that Plaintiff owns what would appear to be a recreational vehicle (listed as "camper") valued at $30,000.[2] These statements are insufficient to demonstrate that payment of the filing fee would render Plaintiff unable to provide for himself and his family the necessities of life. Financial ability has been found, and thus IFP applications denied, where the applicant's assets were less than those shown in Plaintiff's application. *See, e.g., Brown v. Dinwiddle*, 280 F. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and thus could afford the $455 filing fee for his appeal); *Powell v. Harris*, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

Plaintiff also filed a request for service by the U.S. Marshal, in which he

---

[2] This is apparently not his primary residence, as his house payments are listed as a separate line item.

3

seeks service of the summons and complaint by a U.S. Marshal "[i]f [his] application to proceed without prepaying fees or costs is granted." (DE 5.) As I recommend denying the request to proceed IFP, his request for service should likewise be denied.

### D. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's application to proceed in district court without prepaying fees or costs and his request for service by a U.S. Marshal be **DENIED**. (DE 4 and 5.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 20, 2017                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the forgoing document was sent to parties of record on March 20, 2017, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti