UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOWARD DARBEE,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 2:17-cv-10776
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 17), GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 18) AND AFFIRM THE DECISION OF THE COMMISSIONER

**I. RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (DE 17), **GRANT** Defendant's motion for summary judgment (DE 18),

and **AFFIRM** the Commissioner's decision.

**II. REPORT**

       Plaintiff, John Howard Darbee, brings this action under 42 U.S.C. § 405(g)

and 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of

Social Security ("Commissioner") denying his applications for social security

disability insurance (DI) benefits and supplemental security income (SSI). This

matter is before the United States Magistrate Judge for a Report and

Recommendation on Plaintiff's motion for summary judgment (DE 17), the Commissioner's cross-motion for summary judgment (DE 18) and the administrative record (DE 15).

### A. Background

Plaintiff filed his applications for DI benefits and SSI on December 17, 2013, alleging that he has been disabled since October 1, 2010. (R. at 260-77.) Plaintiff's applications were denied on March 31, 2014, and he sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (R. at 187-208.) ALJ Brian Garves held a hearing on February 16, 2016, at which Plaintiff was represented by counsel. (R. at 40-77.) The ALJ considered all of the evidence and, on March 10, 2016, determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 15-39.) ALJ Garves explained in his decision that even though Plaintiff alleged an onset date of October 1, 2010, consideration of Plaintiff's claims before July 27, 2013 were barred by res judicata, based on a prior final decision dated July 26, 2013. Thus, he only considered the period from July 27, 2013 through the date of the decision. On January 11, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) Thus, ALJ Garves's March 10, 2016 decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action on March 10, 2017.

### B. Plaintiff's Medical History

The administrative record contains approximately 642 pages of medical records (Exhibits 1F through 15F) spanning the period from February 18, 2009 through November 19, 2015, all of which were available to the ALJ at the time of his March 10, 2016 decision. The medical records include treatment notes, hospital records and diagnostic tests and imagings, and a consulting examiner opinion by Harold Nims, D.O. (R. at 357-999). The administrative record also contains a State agency reviewing medical source opinion by psychological consultant, Zahra Yousuf, M.D., dated February 27, 2014. (R. at 168-69, 180-81.) These records will be discussed in detail, as necessary, below.

### C. The Hearing and Administrative Decision

Plaintiff, who was represented by counsel, and vocational expert Adolph W. Cwik testified at the February 16, 2016 hearing before ALJ Garves. On March 10, 2016, ALJ Garves issued an "unfavorable" decision. Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff did not engage in substantial gainful activity since July 27, 2013, the day after the prior decision. (R. at 21.) At **Step 2**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, affective disorder, anxiety, and posttraumatic stress disorder, but that Plaintiff's medically determinable impairment of asthma did not cause more than minimal limitation in his ability to perform basic work activities, and therefore was nonsevere, and that

there was not sufficient objective medical evidence in the record of Plaintiff's alleged impairment of plantar fasciitis. (R. at 21-22.) At **Step 3**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. at 22-25.) Prior to **Step 4** of the sequential process, the ALJ determined that Plaintiff has the residual functional capacity ("RFC")[1] to:

> perform sedentary work … except the claimant will be limited to frequent use of foot controls with the left lower extremity. He needs to alternate to standing from sitting for ten minutes after 45 minutes of sitting. He can occasionally be required to climb ramps and stairs but never kneel, crawl, or climb ladders, ropes, or scaffolds. The claimant can occasionally balance, crouch, and stoop. He will be further restricted to avoid hazards such as heights or machinery, but he will be able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching vehicles. The claimant will be limited to simple, routine, repetitive tasks. He can have occasional, superficial, casual interaction with a small group of coworkers and no interaction with the public. He can tolerate a few changes to a routine work environment. When changes take place, they will be infrequent and gradually introduced.

(R. at 25-33.) At **Step 4**, the ALJ found that Plaintiff is not capable of performing his past relevant work. (R. at 33.) The ALJ proceeded to find at **Step 5** that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

perform. (R. at 33-34.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 27, 2013, through the date of the decision. (R. at 33.)

### D. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence supports a decision if 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' backs it up." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In deciding whether substantial

evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."); *Richardson*, 402 U.S. at 399 ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive . . . ."); *see also Biestek*, 880 F.3d at 783 ("[A] decision supported by substantial evidence must stand, even if we might decide the question differently based on the same evidence.") (citing *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. Analysis

In his motion for summary judgment, Plaintiff asserts a single claim of error: that the ALJ failed to adequately explain his reasons for rejecting the Veteran's Administration (VA) evaluation of a 70% disability rating[2] and giving it little weight. (DE 17 at 4-5, 18-20.) The Commissioner opposes Plaintiff's motion, asserting that there is no merit to Plaintiff's claim.

It is well established in the Sixth Circuit that the ALJ was not bound to accept the disability rating made by the VA. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (stating the VA's disability rating is entitled

---

[2] The VA assessed 70% disability rating based on a combination of ratings of a 30% disability rating for his mood disorder, a 30% disability rating for exertional dyspnea or asthma, a 20% disability rating for degenerative disc disease, and 10% disability rating for a left ankle condition. (R. at 384-86.)

to consideration, but the ALJ is not required to give it any specific weight); *Mason v. Comm'r of Soc. Sec.*, No. 15-14300, 2017 WL 1018148, at *2 (E.D. Mich. Mar. 16, 2017) (holding that the ALJ properly considered the VA records and the disability rating, referencing both in his decision, yet stating that he is not bound by the VA's determination). As the Social Security regulations make clear:

> A decision by … any other governmental agency … about whether you are disabled … is based on its rules and is not our decision about whether you are disabled…. We must make a disability … determination based on social security law. Therefore a determination made by another agency that you are disabled … is not binding on us.

20 C.F.R. § 404.1504.[3] Rather, "a disability rating from the Veterans Administration is entitled to *consideration*." *Ritchie*, 540 F. App'x at 510 (emphasis added); SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). The Sixth Circuit has not "specified the weight such a determination should carry when determining social security disability eligibility." *Ritchie*, 540 F. App'x at 510; *see also LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 387 (6th Cir. 2013) ("This court has not

---

[3] This rule has been amended, effective March 27, 2017, to provide that the SSA "*will not provide any analysis* in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant] is disabled, blind, employable, or entitled to any benefits. *See* 20 C.F.R. §§ 404.1504, 416.904 (emphasis added). Further Social Security Ruling (SSR) 06.03p, which addresses consideration of decisions on disability by other governmental and nongovernmental agencies, has been rescinded for claims filed on or after March 27, 2017, because the SSR "is inconsistent with the final rules."

set forth a specific standard regarding the weight the Commissioner should afford a 100% disability determination by the VA."). Instead, a service-connected disability determination by the VA is considered "one piece of evidence" that is not determinative of the outcome of a claim for social security disability benefits. *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 518-19 (6th Cir. 2013).

Turning to the instant matter, the ALJ here gave little weight to the VA's 70% disability rating, explaining:

> On February 3, 2012, the claimant received a letter from the Department of Veteran's Affairs (VA) regarding the claimant's service connected disability of 30% due to exertional dyspnea, 20% due to lumbar degenerative disc disease, and 10% due to full-thickness tear of the left ankle with ankle strain (C2F/14). The claimant also has a proposed service-connected disability of 30% due to a mood disorder (C2F/11). The claimant has offered this as evidence to show his alleged disability. However, 20 CFR 404.1527(e) and Sec. 416.927(e) clearly state that the final responsibility for deciding the issue of residual functional capacity and the ultimate issue of disability for the Social Security Administration is reserved to the Commissioner. A statement by a medical or non-medical source that the claimant is "disabled" or "unable to work" does not mean that such claimant will be determined to be disabled as that term is defined by the Act. Additionally, the VA criteria differ from the Social Security Administration's criteria in regards to what constitutes a finding of disability. I reject this letter's finding of disability and places [sic] little weight upon the opinion offered by the VA.

(R. at 32.) The issue of disability is one expressly reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1). The ALJ expressly considered Plaintiff's VA records and the disability rating, along with all the evidence in the case record that may

9

have bearing on the decision of disability, including the medical records, the opinion evidence, Plaintiff's and the vocational expert's hearing testimony, and Plaintiff's credibility. He did not wholly discount the VA disability rating but instead afforded it little "little weight" because "the final responsibility for deciding the issue of residual functional capacity and the ultimate issue of disability" is reserved to the Commissioner, and because the VA bases disability decisions on different criteria than the Social Security Administration. (R. at 32.) These reasons, combined with the ALJ's extensive review and discussion of Plaintiff's medical records, as discussed below, supports the ALJ's decision. *See Harrier v. Colvin*, No. 2:16-cv-11456, 2017 WL 2927629, at *2 (E.D. Mich. July 10, 2017) ("The ALJ's thorough discussion of the VA records demonstrates that she considered the disability decision of another government entity."); *see also Richie*, 540 F. App'x at 510 (in evaluating whether the ALJ appropriately considered the VA's disability determination, the entire decision must be considered).

The ALJ here properly considered the entire record, including expressly analyzing the four conditions the VA disability determination addressed, in reaching his decision. First, contrary to the VA's determination that assessed a 30% service connected disability rating due to exertional dyspnea, the ALJ expressly found that Plaintiff's asthma would cause no more than a minimal

limitation in his ability to perform basic work activities, and thus that it did not constitute a severe impairment. (R. at 22.) The ALJ reviewed the record evidence (including the VA record evidence as discussed below) and found that there was not sufficient objective medical evidence to substantiate the severity of the symptoms and degree of functional limitation alleged by Plaintiff. Specifically, the record evidence showed that in March 2014, Plaintiff's asthma was under good control, and that an October 2015 pulmonary function test showed only minimal obstructive airway disease and diffusion affect. (R. at 22, citing R. at 651, 928.) Plaintiff does not challenge the ALJ's Step Two finding, and thus any such argument should be deemed waived. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) (limiting consideration "to the particular points that [plaintiff] appears to raise in her brief on appeal").

Second, the VA assigned a 30% disability rating for Plaintiff's "mood disorder." (R. at 385.) The ALJ found that Plaintiff's affective disorder, anxiety and posttraumatic stress disorder constituted severe impairments, but that the evidence of record, including treatment notes from the VA and Plaintiff's Function Report, did not support that his mental functioning is as limited as he alleged. The ALJ thoroughly reviewed and discussed Plaintiff's examination and treatment records from the VA and noted that Plaintiff reported in July 2013 that his mood had improved, and that examinations from July 2013 through October 2015

11

revealed logical and coherent thought processes, adequate reality testing, normal attention and concentration, intact memory, good judgment and insight, and appropriate affect. (R. at 28, citing R. at 601-03, 605, 607, 611-13, 652, 856-57, 881-82, 888-90, 896-97, 904-05, 915, 922.) He also noted that although Plaintiff has received various forms of treatment for his allegedly disabling mental symptoms, which he acknowledges "would normally weigh somewhat in the claimant's favor," that the record also reveals that treatment has been generally successful in controlling those symptoms. (R. at 29, citing R. at 611-13, 855, 875, 881-82, 894, 899, 903, 911, 923.) He further noted that Plaintiff described daily activities "which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations," including remodeling his home, continuing to occasionally hunt, reading and watching television. (R. at 29, citing R. at 324-31, 651, 881, 895, 942, 977.) Finally, the ALJ also noted that the Plaintiff's various Global Assessment of Functioning ("GAF") scores from 2012 through 2014, ranging from 60 to 70, were consistent with the medical evidence of record and consistently revealed that Plaintiff had no more than moderate restrictions in his mental functioning.[4] (R. at 32, citing R. at 602, 625, 629, 632,

---

[4] As the ALJ explained, a GAF score between 51 and 60 indicates moderate symptoms or a moderate impairment in social, occupational, or school functioning, and a GAF score between 61 and 70 suggests only mild symptoms or some difficulty in social, occupational or school functioning, but generally functioning pretty well and with some meaningful interpersonal relationships. (R. at 32, citing

12

915.) Based on his evaluation of the record evidence in its entirety, the ALJ limited Plaintiff to simple, routine and repetitive tasks" with "occasional, superficial, casual interaction with a small group of coworkers and no interaction with the public," and stated that "[h]e can tolerate a few changes to a routine work environment" but that "[w]hen changes take place, they will be infrequent and gradually introduced." (R. at 25.)

Third, the VA assigned Plaintiff a 20% disability rating due to lumbar degenerative disc disease. (R. at 388.) The ALJ extensively reviewed and discussed the medical evidence, including VA records, and found that Plaintiff's degenerative disc disease was a severe impairment that caused limitations, but that Plaintiff's allegations regarding the frequency, duration, and severity of his symptoms were not supported by the weight of the medical evidence. (R. at 26-28.) The ALJ analyzed Plaintiff's treatments records from May 2013 through November 2015 and noted that testing was largely normal, with generally normal reflexes, full range of motion, good muscle strength and normal gait, examinations largely revealed no tenderness or spasm, Plaintiff was able to stand on one leg at a time without difficulty, rose from a chair without problems, and he was able to walk over a mile a day. Further, electrodiagnostic testing was essentially normal and x-rays showed good anatomical alignment. (R. at 26-27, citing R. at 608, 652-

American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV-R) (4th Ed. Rev. 1994) at p. 32.)

54, 657-58, 790-92, 793, 797, 836, 864, 895-96, 922, 932, 942, 965, 983.)  The ALJ further noted that although Plaintiff received various forms of treatment for this issue, including pain management interventions, physical therapy, medication and surgery on August 27, 2015, the record reveals that treatment has been generally successful in controlling those symptoms.  (R. at 27, citing R. at 598, 613, 783-87, 790-92, 855, 857, 884, 891, 905, 910-11.)  Based on his evaluation of the record evidence, the ALJ limited Plaintiff to a reduced range of sedentary work, with exertional, postural and environmental limitations including the need to alternate to standing from sitting for ten minutes after 45 minute of sitting.  (R. at 25.)

Finally, the VA assigned a 10% disability rating due to "full-thickness tear of the left ankle with ankle strain."  (R. at 388.)  However, the ALJ noted that Plaintiff has recovered from his ankle impairment following surgery in January 2013, prior to the disability period at issue with an alleged onset date of July 27, 2013.  (R. at 30-31, citing R. at 540, 973.)  The ALJ explained that this condition does not meet the durational requirements of a severe impairment.  (R. at 31.)

The ALJ also expressly considered all the opinion evidence in the record in detail, and gave good reasons for the weight afforded each opinion.  (R. at 29-32.)  Plaintiff does not cite to a specific medical opinion to which the ALJ failed to accord the proper consideration and weight.  He instead only complains generally

14

that further explanation by the ALJ is required regarding the VA determination, and provides the Court with a citation to one unhelpful Sixth Circuit case, *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir. 1984), which merely "note[d] in the record a Veterans Administration insurance disability award marked 'total disability' in monthly installments of $100 a month," but which contained no discussion or analysis regarding the consideration the ALJ is required to give a VA disability determination. (DE 17 at 19.) He otherwise only cited non-binding case law from other circuits stating, contrary to the Sixth Circuit, that the VA disability determination must be given evidentiary weight, or great weight. (*Id.* at 19-20.) However, he fails to recognize or discuss the more recent decisions of the Sixth Circuit that make plain that the ALJ is only required to "consider" the VA's decision, and that it is but "'one piece of evidence' that is not determinative of the outcome of an application for Social Security disability benefits" and not entitled to any particular weight. *See Ritchie*, 540 F. App'x at 510 (finding that when the ALJ stated that she was not bound by the VA's decision, but did consider it, she "clearly stated a proper understanding of the law"); *Deloge*, 540 F. App'x at 518-19.

The record here shows that the ALJ reviewed the record evidence in detail, including numerous records from the VA Medical Center or VA Hospital, and properly considered the VA disability determination, in conjunction with the rest

15

of the evidence, in making his disability determination. The ALJ's decision described the medical records, which consisted in large part of VA records, in detail, and pointed out inconsistencies between the objective findings within the medical records and Plaintiff's subjective allegations. The ALJ was not required to analyze the VA's disability determination consistent with 20 C.F.R. 404.1527 or give good reasons for not according weight to the VA disability determination. The ALJ's extensive discussion of the record evidence—and his express assignment of "little weight" to the VA disability rating—demonstrates that the ALJ properly "considered" the VA disability determination in accordance with *Ritchie*, 540 F. App'x at 510, and SSR 06-03p. *See Harrier v. Colvin*, No. 2:16-CV-11456, 2017 WL 2927629, at *2 (E.D. Mich. July 10, 2017) ("The ALJ's thorough discussion of the VA records demonstrates that she considered the disability decision of another governmental entity. The magistrate judge properly concluded that the ALJ satisfied SSR 06-03p."); *see also Stokes v. Comm'r of Soc. Sec.*, No 1:13-cv-487, 2015 WL 803087, at *8 (W.D. Mich. Feb. 25, 2015) (finding no error when "the ALJ clearly stated a proper understanding of the law, cited the applicable regulations and social security rulings, and determined that the VA record offering a conclusion that plaintiff was 70% disabled … was entitled to some weight, but failed to establish that the plaintiff was disabled within the meaning of the Social Security Act").

Accordingly, I find that the ALJ's decision, when read as a whole, adequately demonstrates that the ALJ properly evaluated, considered and weighed the VA disability determination.

### E.     Conclusion

Accordingly, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's motion for summary judgment (DE 17), **GRANT** Defendant's motion for summary judgment (DE 18), and **AFFIRM** the Commissioner's decision.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 13, 2018                s/Anthony P. Patti
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 13, 2018, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager for the
                                      Honorable Anthony P. Patti