UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOWARD DARBEE,

       Plaintiff,                              Case No. 17-cv-10776

v.                                            Paul D. Borman
                                             United States District Judge

COMMISSIONER OF                 Anthony P. Patti
SOCIAL SECURITY,                 United States Magistrate Judge

       Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
AUGUST 13, 2018 REPORT AND RECOMMENDATION (ECF NO. 19),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 20)
(3) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 17),
(4) GRANTING THE DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 18), AND
(5) AFFIRMING THE DECISION OF THE COMMISSIONER

      On August 13, 2018, Magistrate Judge Anthony P. Patti issued a Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment and Grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. (ECF No. 19, Report and Recommendation "Report".) On February 21, 2018, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 20.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 21.) Having

1

conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 18), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 17), and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

Plaintiff filed his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 17, 2013. (ECF No. 15, Administrative Record of Proceedings ("Tr.") 260-277.) Plaintiff's application was denied on March 31, 2014, and he timely sought an administrative hearing, which occurred on February 16, 2016, before Administrative Law Judge ("ALJ") Brian Garves. (Tr. 187-208, 40-77.) The ALJ considered the record evidence, as well as the testimony of the Plaintiff and vocational expert ("VE") Adolph Cwik at the February 16, 2016 hearing, and determined that Plaintiff was not disabled as that term is defined under the Social Security Act, issuing his written decision on March 10, 2016. (Tr. 15-39.) On January 11, 2017, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), and Plaintiff timely appealed to this Court for judicial review.

2

The matter was referred to Magistrate Judge Anthony P. Patti for a Report and Recommendation, which was issued on August 13, 2018. Plaintiff has filed a single Objection to the Magistrate Judge's Report, which is now before the Court for review. The ALJ's findings and relevant matters from the administrative record are adequately set forth in the Magistrate Judge's Report and will be referenced in this Opinion and Order as necessary to the Court's analysis of the Plaintiff's Objections.

## II. STANDARDS OF REVIEW

### A. *De Novo* Review of Objections Under 28 U.S.C. § 636(b)(1)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only those objections that are specific are entitled to a *de novo* review under the statute.

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

    **B.    The Substantial Evidence Standard**

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and "made pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including

that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense*

*Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### III. ANALYSIS

The Plaintiff has filed a single Objection to the Report, arguing that the Magistrate Judge erred in concluding that the ALJ adequately considered the 70% disability rating assigned to the Plaintiff by the Veteran's Administration ("VA") in reaching his conclusion that Plaintiff was not disabled under the Social Security Act. Plaintiff served in the United States Army and received a 70% "service connected combined evaluation" for disability connected to his service in the Gulf War. The VA assessed the following disability ratings in reaching its 70% combined rating: 30% disability rating for exertional dyspnea, 20% disability rating for degenerative disc disease, 10% disability rating for left ankle condition, and 30% disability rating for mood disorder. (Tr. 384-86.)

The ALJ expressly acknowledged in his March 10, 2016 written decision that he had received the VA evidence assessing the 70% disability rating, but the ALJ ultimately rejected the finding of 70% disability and "place[d] little weight upon the opinion offered by the VA." (Tr. 32.) As the Magistrate Judge explained in detail in his Report, the ALJ thoroughly reviewed the medical record evidence pertaining to each of the areas of disability assessed by the VA. The Magistrate Judge explained that the ALJ specifically referenced and discussed in several instances Plaintiff's VA

medical records (Tr. 528-644, 853-999), in reaching his decision that Plaintiff was not disabled. The Magistrate Judge correctly concluded that the ALJ did all that was required of him with regard to consideration of the VA disability rating.

The Sixth Circuit has not determined any specific weight that should be given VA disability ratings, instructing only that the VA disability rating should be "considered" by the ALJ in his review of the record evidence. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510-11 (6th Cir. 2013) (holding that ALJ was not bound by VA 100% disability rating, which "is only one factor to be considered in making a social security disability finding"). As the Sixth Circuit observed in *Ritchie*, and as the Magistrate Judge noted here, the Social Security regulations, while requiring that such ratings be considered, also expressly state that decisions by other governmental agencies are not binding on the Commissioner. *See Ritchie*, 540 F. App'x at 510 (citing 20 C.F.R. § 404.1504); Report at 8, PgID1115 (citing 20 C.F.R. § 404.1504, SSR 06-03p.)

In this case, "the ALJ reviewed and discussed the same medical records that the VA used to make its disability determination; [he] simply arrived at a different conclusion than the VA, in part because the criteria for the SSA and the VA are different." *Harrier v. Colvin*, No. 16-cv-11456, 2017 WL 2927629, at *2 (E.D. Mich. July 10, 2017). "[B]oth the magistrate judge and the ALJ considered the VA records

8

and the VA's determination, yet pointed out that the standards controlling disability determinations by the VA are not the same as under the Social Security Regulations." *Mason v. Comm'r of Soc. Sec.*, No. 15-cv-14300, 2017 WL 1018148, at *1 (E.D. Mich. March 16, 2017). "As the magistrate judge pointed out, the ALJ properly considered the VA records and the disability rating, referenced both in his decision, yet is not bound by the VA's determination." *Id*.

Magistrate Judge Patti correctly determined that "[t]he ALJ reviewed the record evidence (including the VA record evidence []) and found that there was no sufficient objective medical evidence to substantiate the severity of the symptoms and degree of functional limitation alleged by Plaintiff." (Report 11, PgID 1118.) The Magistrate Judge correctly concluded that no more was required of the ALJ here. Accordingly, the Court OVERRULES Plaintiff's Objections.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1) Plaintiff's Objections (ECF No. 20) are OVERRULED;

2) Magistrate Judge Patti's August 13, 2018 Report and Recommendation (ECF No. 19) is ADOPTED;

3) Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED;

4) Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED; and

5) The Findings of the Commissioner are AFFIRMED.

IT IS SO ORDERED.

Dated: September 26, 2018

s/Paul D. Borman
Paul D. Borman
United States District Judge